# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40025
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR ALONSO-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-505-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Omar Alonso-Martinez appeals the 36-month sentence imposed following his guilty plea conviction for illegal reentry. The sentence represents an upward variance from the applicable guidelines range of 15-21 months. On appeal, Alonso-Martinez contends that his sentence is substantively unreasonable. He asserts that the district court gave undue weight to his criminal history because his prior federal conviction for possession with intent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to distribute or dispense heroin was not particularly serious, given the absence of any aggravating factors tied to that offense.  He also points out that the district court failed to mention favorable factors, including the absence of a prior illegal reentry conviction and his benign, family-based motives for returning to the United States.

To the extent that Alonso-Martinez's appellate brief may be construed as challenging the sufficiency of the reasons provided by the district court, he did not preserve this argument, and we review for plain error.  *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  Alonso-Martinez has not shown that the reference to a single 18 U.S.C. § 3553(a) factor, rather than multiple factors, constitutes a clear or obvious error affecting his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

As for Alonso-Martinez's allegations of substantive unreasonableness, we review such allegations, in light of the § 3553(a) factors, under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  The record confirms that the district court considered counsel's arguments and made an individualized assessment of the § 3553(a) factors, determining that the seriousness of Alonso-Martinez's prior offense outweighed his benign motives for returning to the United States and warranted an above-guidelines sentence.  *See id.* at 49-50; § 3553(a)(1).  Alonso-Martinez has not shown that the court's focus on his criminal history and the resulting decision to sentence him above the advisory guidelines range failed to take into account "a factor that should have received significant weight," gave weight "to an irrelevant or improper factor," or represented "a clear error of judgment in balancing the sentencing factors."  *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

As for the increase to 36 months from the 21-month top of the guidelines range, this court has upheld variances and departures greater than the

No. 17-40025

increase to Alonso-Martinez's sentence. *See United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006). Alonso-Martinez has failed to show that the district court's justification for the imposed sentence was insufficiently compelling. *See Smith*, 440 F.3d at 707. Consequently, the judgment of the district court is AFFIRMED.